# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CLINTON HITNER,** | : | CIVIL ACTION NO. 1:21-CV-430 |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **CORRECTIONS CAPTAIN REESE, CORRECTIONS LIEUTENANT NEWBERRY, JOHN DOE CORRECTIONS OFFICERS 1, 2, & 3,** | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 19th day of October, 2021, upon consideration of plaintiff's motions (Docs. 4, 10, 15, 18) for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1), wherein plaintiff generally contends that he is unable to afford counsel, the issues in his civil action are complex, he has limited knowledge of the law, and limited access to the law library, and assuming that plaintiff's claims have an arguable basis in law and fact[1], and it appearing, at this juncture in the proceedings, that plaintiff is capable of properly and forcefully prosecuting his claims, and it

---

[1] If the court determines that a claim has "arguable merit in fact and law," Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993), the court should consider the litigant's ability to proceed *pro se* in light of a number of additional non-exhaustive factors, including: (1) the plaintiff's ability to present his or her case; (2) the complexity of the particular legal issues; (3) the degree to which factual investigation is required and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require testimony from expert witnesses; and (6) the plaintiff's ability to retain and afford counsel on his or her own behalf. Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002); Parham v. Johnson, 126 F.3d 454, 457-58 (3d Cir. 1997); Tabron, 6 F.3d at 155-57.

being well-established that indigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel in a civil case, Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002), and that district courts have broad discretion to determine whether to appoint counsel under 28 U.S.C. § 1915, it is hereby ORDERED that the motions (Docs. 4, 10, 15, 18) are DENIED without prejudice. If further proceedings demonstrate the need for counsel, the matter will be reconsidered either *sua sponte* or upon motion of plaintiff.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania