# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CLINTON HITNER,** | : | CIVIL ACTION NO. 1:21-CV-430 |
| | : | |
| **Plaintiff** | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **CORRECTIONS CAPTAIN REESE,** | : | |
| **CORRECTIONS LIEUTENANT** | : | |
| **NEWBERRY, CORRECTIONS** | : | |
| **OFFICER MACKEY, CORRECTIONS** | : | |
| **OFFICER JORDAN, CORRECTIONS** | : | |
| **OFFICER ERDLEY,** | : | |
| | : | |
| **Defendants** | : | |

## **ORDER**

AND NOW, this 4th day of January, 2022, upon consideration of plaintiff's motion (Doc. 35) for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1), wherein plaintiff contends that the issues in his civil action are complex yet meritorious, he has limited ability to investigate the facts of his case, the case will likely involve conflicting testimony, and he has limited knowledge of the law, and assuming that plaintiff's claims have an arguable basis in law and fact[1], and it

---

[1] If the court determines that a claim has "arguable merit in fact and law," Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993), the court should consider the litigant's ability to proceed *pro se* in light of a number of additional non-exhaustive factors, including: (1) the plaintiff's ability to present his or her case; (2) the complexity of the particular legal issues; (3) the degree to which factual investigation is required and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require testimony from expert witnesses; and (6) the plaintiff's ability to retain and afford counsel on his or her own behalf. Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002); Parham v. Johnson, 126 F.3d 454, 457-58 (3d Cir. 1997); Tabron, 6 F.3d at 155-57.

appearing, at this juncture in the proceedings, that plaintiff is capable of properly and forcefully prosecuting his claims, and that discovery has proceeded without the assistance of counsel, and it being well-established that indigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel in a civil case, <u>Montgomery v. Pinchak</u>, 294 F.3d 492, 498 (3d Cir. 2002), and that district courts have broad discretion to determine whether to appoint counsel under 28 U.S.C. § 1915, it is hereby ORDERED that the motion (Doc. 35) is DENIED without prejudice. If further proceedings demonstrate the need for counsel, the matter will be reconsidered either *sua sponte* or upon motion of plaintiff.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania